IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD WILSON, <br> ERIC MILES, individually and on behalf <br> of all others similarly situated, <br>                Plaintiff, <br> v. <br> STRATOSPHERE CORPORATION, <br>                Defendant. | Civil Action No. 05-939 <br><br> Chief Judge Ambrose <br> Magistrate Judge Hay |

REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully submitted that the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (doc. 8) should be granted and Defendant's Motion to Dismiss for Improper Venue and Motion to Transfer to the District of Nevada should be dismissed as moot.

II.      REPORT

Edward Wilson and Eric Miles ("Plaintiffs") bring this putative class action suit in the Western District of Pennsylvania seeking recovery of "a hidden resort fee" charged to all overnight guests of the Stratosphere Hotel in Las Vegas, Nevada.[1] Stratosphere Gaming Corporation ("Defendant" or "Stratosphere") operates the Stratosphere Hotel and Casino (the "Hotel").[2] The named Plaintiffs are residents of Tarentum, Pennsylvania, who booked and reserved rooms at the Hotel through the internet website www.hotels.com ("*hotels.com*") which

---

[1]     Amended Complaint ¶ 2.

[2]     Declaration of Rick Larkin, Director of Risk Management ("Larkin Decl.")(doc. 15-2) ¶ 3.

they accessed through a link on the Hotel's website.[3]  Plaintiffs stayed at the Hotel for four nights and at the time of checkout were charged a five dollar per night resort fee.[4]  Plaintiffs claim that the resort fee was not disclosed to them and other consumers who made their reservations through *hotels.com*.[5]  Plaintiffs' single cause of action asserts that the Hotel's "commercially advertised [room] rate is false and/or misleading because it does not include the mandatory resort fee."[6]  Plaintiffs complain that such conduct violates Nevada Revised Statutes § 598.0915 (Consumer Fraud) and is actionable under Nevada Revised Statutes § 41.600 (Deceptive Trade Practices).[7]

According to Stratosphere, it maintains its principal place of business and business records in Las Vegas, Nevada.[8]  Stratosphere is not registered or authorized to do business in Pennsylvania.[9]  Stratosphere does not have an office or any agents in Pennsylvania.[10]  No Stratosphere employee travels to Pennsylvania to conduct business on the corporation's

---

[3]     Amended Complaint ¶¶ 3, 4 & 9.

[4]     Amended Complaint ¶ 18.

[5]     Amended Complaint ¶ 14.  Although not entirely clear, it appears from the Amended Complaint that "for at least a portion of the Class Period" the resort fee was disclosed on the Hotel's website at a location distinct from its advertised room rate.  Amended Complaint ¶ 13.

[6]     Amended Complaint ¶ 36.

[7]     Amended Complaint ¶ 38.

[8]     Larkin Decl. ¶ 3.

[9]     Declaration of Chief Financial Officer Denise Barton ("Barton Decl.")(doc. 15-3) ¶4.

[10]    Barton Decl. ¶ 10.

behalf.[11]  Between 2002 and 2005 Stratosphere has advertised in magazines published for and on behalf of airlines that fly in and out of Pennsylvania.[12]  The advertisements are not directed towards the residents of Pennsylvania but, rather, towards all passengers who generally fly on these particular airlines.[13]  Stratosphere also sends limited, monthly mailings to persons who subscribe to Stratosphere's Player's Club and possess a qualifying level of play.[14]  Some of these mailings are sent to persons in Pennsylvania.[15]  Other than the aforementioned advertisements and mailings, Stratosphere has no business contacts of any kind with Pennsylvania.[16]

With regard to reservations booked through a third-party wholesaler such as *hotels.com*, Stratosphere provided the following.  When booking a reservation through *hotels.com*, the individual contracts for the room directly with *hotels.com* and not Stratosphere.[17]  Each year Stratosphere enters into written contracts with wholesalers such as *hotels.com* to sell a specific number of rooms per day to the wholesaler at a confidentially agreed upon rate negotiated between Stratosphere and the wholesaler, which is exclusive of any fees and charges incurred by the individual during his stay at the Hotel, such as the resort fee.[18]  The wholesaler

---

[11]      Declaration of Anthony Bender, Senior Director of Brand Marketing ("Bender Decl.")(doc. 15-4) ¶ 9.

[12]      Bender Decl. ¶ 5.

[13]      Bender Decl. ¶ 5.

[14]      Bender Decl. ¶ 6.

[15]      Bender Decl. ¶ 6.

[16]      Barton Decl. ¶ 11.

[17]      Declaration of Pamela Brodine, Director of Sales ("Brodine Decl.")(doc. 15-5) ¶ 3.

[18]      Brodine Decl. ¶ 4.

does not act nor does it have authority to act in any capacity as Stratosphere's agent with regard to room reservations.[19] The third-party wholesaler, independent of Stratosphere, advertises the room rates on the wholesaler's web site or otherwise and is required to inform customers that the advertised rates are exclusive of other fees and charges incurred by the individual during his stay at the Hotel, including the resort fee.[20] Stratosphere is paid directly by the wholesaler and not the individual making a reservation.[21] An individual making a reservation or cancellation deals directly and only with the wholesaler.[22] In this case, the named Plaintiffs booked their stay at the Hotel through *hotels.com* and not Stratosphere.[23]

Defendant has moved to dismiss the action for want of personal jurisdiction. Plaintiffs argue that Defendant has purposefully availed itself of the privilege of conducting activities within the Commonwealth of Pennsylvania and, therefore, personal jurisdiction is satisfied.

When a defendant asserts lack of in personam jurisdiction, the plaintiff has the burden of demonstrating that the defendant has sufficient contacts with the forum state to establish in personam jurisdiction. Mellon Bank (East) PSFS, N.A. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); North Penn Gas v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir.), cert. denied, 498 U.S. 847 (1990); Mesalic v. Fiberfloat Corp., 897 F.2d 696, 699 (3d Cir. 1990). "The plaintiff must sustain its burden of proof through 'sworn affidavits or other competent

---

[19]    Brodine Decl. ¶ 4.

[20]    Brodine Decl. ¶¶ 5 & 6.

[21]    Brodine Decl. ¶¶ 7 & 8.

[22]    Brodine Decl. ¶ 8.

[23]    Brodine Decl. ¶ 10; Amended Complaint ¶¶ 3, 4 & 9.

evidence.' " North Penn Gas, 897 F.2d at 689 (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).  The court initially must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," although it can reconsider the issue "if it appears that the facts alleged to support jurisdiction are in dispute," and can conduct an evidentiary hearing to resolve any disputed facts.  Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142, n.1 (3d Cir. 1992).

        Plaintiff has not submitted an affidavit, but makes arguments in a brief that Defendant's contacts with Pennsylvania are sufficient for the exercise of personal jurisdiction. "References in a brief, unsupported by affidavit, are not properly before the Courts as 'facts' evidencing contact for jurisdictional purposes."  Peek v. Golden Nugget Hotel and Casino, 806 F. Supp. 555, 558 (E.D. Pa. 1992) (citations omitted).  See Time Share Vacation Club, 735 F.2d at 66 n.9 ("Once the motion is made, plaintiff must respond with actual proofs, not mere allegations").  Moreover, even accepting the allegations of Plaintiffs' complaint as true, they have not established sufficient contacts for jurisdictional purposes.

        There are two alternative ways to establish personal jurisdiction - specific or general jurisdiction.  In this case, Plaintiffs contend that specific personal jurisdiction has been established.  Specific personal jurisdiction arises from a defendant's forum-related activities and may be established even where the defendant has not physically appeared in the state but has " 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (citations omitted).[24]

---

[24] By contrast, general jurisdiction is based upon a defendant's contacts with the forum that are not related to the suit, but such contacts must be "continuous and systematic."  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).  It does not appear that

5

The Federal Rules of Civil Procedure authorize a district court to assert personal jurisdiction over a non-resident to the extent permissible under the law of the state where the district court sits. Fed.R.Civ.P. 4(k)(1)(A); North Penn Gas, 897 F.2d at 689. The plaintiffs may show specific personal jurisdiction pursuant to Pennsylvania's long arm statute, 42 Pa. C.S. § 5322(a), by demonstrating that the defendant has engaged in forum-related activities.

Pennsylvania also authorizes exercise of the jurisdiction of its courts over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b). See Kubik v. Letteri, 614 A.2d 1110, 1114 (Pa. 1992) (following Burger King analysis).

"A three-pronged test has emerged for determining whether the exercise of specific personal jurisdiction over a non-resident defendant is appropriate: (1) the defendant must have sufficient 'minimum contacts' with the forum state, (2) the claim asserted against the defendant must arise out of those contacts, and (3) the exercise of jurisdiction must be reasonable." Zippo Manufacturing Company v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1122-23 (W.D.Pa. 1997). Further, where the claim of personal jurisdiction is based on a defendant's operation of a web site, courts have fashioned certain guidelines. Within this Circuit, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003).

---

Plaintiff is asserting general jurisdiction here.

"[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." Zippo, 952 F.Supp. at 1124.

The undisputed evidence before this Court demonstrates that Plaintiffs have failed to establish that the Defendant has sufficient contacts with Pennsylvania to permit in personam jurisdiction. According to Anthony Bender, Defendant's Senior Director of Brand Marketing, the Defendant has a web site located at www.stratospherehotel.com which was not designed to reach and is not targeted towards customers in Pennsylvania.[25] Plaintiffs have not offered any affidavit or other competent evidence to dispute this point. Instead, Plaintiffs have offered argument and unsupported conclusions in their responsive brief which cannot properly be considered "as 'facts' evidencing contact for jurisdictional purposes." Peek, 806 F.Supp. at 558. (citations omitted). Thus, because the evidence demonstrates that the Defendant did not directly target its web site to the forum state Plaintiffs have not established personal jurisdiction. See Toys "R" Us, 318 F.3d at 454 (refusing to assert specific personal jurisdiction on the basis of the defendant's web site because "while commercial and interactive, [it] does not appear to have been designed to reach customers in [the forum state].").

In considering whether Defendant knowingly interacted with residents of the forum state, we note that Plaintiffs used the *hotels.com* web site to book their reservations. Plaintiffs argue that this fact is immaterial to the issue of in personam jurisdiction. Additionally, Plaintiffs argue that *hotels.com* simply acts as an agent for the Defendant and that their contract was with the Defendant and not *hotels.com*. In response, Pamela Brodine, the Defendant's Director of Sales, has declared that when an individual books a reservation through a third-party

---

[25] Bender Decl. ¶ 7.

wholesaler, such as *hotels.com*, that individual contracts for the room directly with the wholesaler and not the Defendant.[26] The wholesaler does not act and does not have the authority to act as an agent of the Defendant in this regard.[27] The Defendant is paid directly by *hotels.com* and not the individual making the reservation.[28] As Ms. Brodine further detailed, the Defendant sells a specific number of hotel rooms per day to *hotels.com* at an agreed upon rate negotiated between the Defendant and *hotels.com*.[29] *Hotels.com* advertises the room rate and is required to inform its customers that the advertised rate is exclusive of other fees and charges incurred by the individual during his stay at the Hotel, including the "resort fee."[30] Plaintiffs have offered no evidence that Defendant knowingly interacted with them through *hotels.com* and jurisdiction over the Defendant cannot be grounded in the independent acts of third parties such as *hotels.com*. See, e.g., O'Connor v. Sandy Lane Hotel, 2005 WL 994617 (E.D.Pa. 2005).[31]

Stratosphere has acknowledged certain non-internet contacts with Pennsylvania. Stratosphere advertises in magazines published for and on behalf of airlines that fly in and out of

---

[26] Brodine Decl. ¶ 3.

[27] Brodine Decl. ¶ 4.

[28] Brodine Decl. ¶¶ 4 & 8.

[29] Brodine Decl. ¶ 4.

[30] Brodine Decl. ¶¶ 5 & 6.

[31] As well, it appears that Plaintiffs cannot establish that their cause of action relates to or arises out of the use of Stratosphere's web site. See Toys "R" Us, Inc., 318 F.3d at 452; O'Connor, 2005 WL 994617, * 3 (citations omitted)(finding "website must be highly 'interactive' or allow customers the opportunity to enter directly into a contract with the defendant over the internet" to establish in personam jurisdiction). In this case, Plaintiffs linked from the Hotel's web site to *hotels.com* and contracted with *hotels.com*. The ability to link to *hotels.com* from the Hotel's web site does not appear to be the level of interactivity sufficient to assert personal jurisdiction over Stratosphere. Id.

airports located in Pennsylvania.[32] These advertisements, however, are not directed at residents of Pennsylvania but at all passengers who fly on these airlines.[33] Additionally, Defendant sends monthly mailings to persons who subscribe to the Stratosphere's Player's Club and possess a qualifying level of play.[34] Some of these mailings are sent to persons in Pennsylvania.[35] Other than the aforementioned advertisements and mailings, Defendant has no business contacts with Pennsylvania.[36] In our view, the advertisements and limited mailings are not sufficient to establish that Defendant purposefully availed itself of the privilege of conducting business activities in Pennsylvania and could therefore reasonably anticipate being haled into court in this Commonwealth. See Wims v. Beach Terrace Motor Inn, Inc., 759 F. Supp. 264 (E.D.Pa. 1991)(finding that the mailing of brochures to over one thousand Pennsylvania residents was insufficient to establish general personal jurisdiction); O'Connor, 2005 WL 994617, * 3 (finding newsletter sent to targeted clientele was insufficient to establish general personal jurisdiction). Accordingly, Plaintiffs have failed to establish specific personal jurisdiction and their case must be dismissed.

        Plaintiffs request jurisdictional discovery on the question of the Defendant's non-internet contacts. Plaintiffs argue that hundreds if not thousands of Pennsylvania residents book rooms with Stratosphere each year via the internet. Within this Circuit, although it is Plaintiffs' burden to establish facts that support personal jurisdiction, courts are to assist a plaintiff by

---

[32]     Bender Decl. ¶ 5.

[33]     Bender Decl. ¶ 5.

[34]     Bender Decl. ¶ 6.

[35]     Bender Decl. ¶ 6.

[36]     Barton Decl. ¶ 11.

9

allowing jurisdictional discovery "unless the plaintiff's claim is 'clearly frivolous.' " Toys "R" Us, Inc., 318 F.3d at 456 (citation omitted).  As noted, there is no evidence that Plaintiffs booked their room reservations with Stratosphere or that Stratosphere had sufficient non-internet business contacts with Pennsylvania.  Indeed, the evidence presented is to the contrary.  Because Plaintiffs have failed to present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [Defendant] and the forum state," Plaintiffs' request for jurisdictional discovery should be denied.  Id.

For these reasons, it is recommended that the motion to dismiss for lack of personal jurisdiction (doc. 8), submitted on behalf of the Defendant, be granted.  Further the Defendant's motion to dismiss for improper venue and the motion to transfer venue should be dismissed as moot.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated:    30 March, 2006


cc:    D. Aaron Rihn, Esquire
       Robert F. Daley, Esquire

10

Robert N. Peirce, III
Peirce Law Offices
707 Grant Street
2500 Gulf Tower
Pittsburgh, PA 15219

Roy W. Arnold, Esquire
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219-1886